UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VBI GROUP LLC,**

   Plaintiff,

v.                                    No. 4:23-cv-00692-P

**VINCENT MAIORINO, ET AL.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Vincent Maiorino's and Richard Smith's Motion for Summary Judgment (ECF No. 18) and Brief in Support (ECF No. 19). Having considered the Motion, briefs, evidence, and applicable legal authorities, the Court concludes that Defendants' Motion should be and hereby is **DENIED**.

## BACKGROUND

Plaintiff VBI Group d/b/a Ikon Technologies ("Ikon") is a sophisticated service provider in the automobile telematics industry. Ikon develops software solutions and hardware/software platforms that work with GPS trackers to provide telematics to monitor and protect mobile assets, including automobiles, throughout the United States. Ikon hired Maiorino as a Regional Sales Director in October 2020, and Smith as a Regional Sales Director in June 2021. Prior to beginning their jobs with Ikon, both Maiorino and Smith signed a "Non-Solicitation Agreement." The relevant section of the Non-Solicitation Agreement provides:

> 7. In exchange for Company providing Employee the consideration set forth herein, Employee agrees that during Employee's employment with Company (except for Company's legitimate business purposes) and for a period of two (2) years following the separation of Employee's employment with Company for any reason, Employee shall not, either directly or indirectly, on Employee's own behalf or on behalf of any other person or entity in competition with Company, call on, service, solicit, or accept competing business from Company's clients or prospective clients with whom or which Employee, during Employee's employment with Company, (a) had any contact or communication with regarding Company's business, or (b) accessed Company's information or files about. Employee further agrees not to assist any other person or entity in such a solicitation.

ECF Nos. 6 at 4; 18 at 1–2; 21 at 8.[1]

On or about April 6, 2023, Defendants ended their employment with Ikon and began working with Ikon's competitor RecovR. Subsequently, on May 26, 2023, Ikon filed this lawsuit in the 17th Judicial District Court, Tarrant County, Texas, alleging that Defendants breached their Non-Solicitation Agreements by persuading customers to leave Ikon and work with RecovR. After the state court granted Plaintiff a Temporary Restraining Order, Defendants removed this case to federal court on July 7, 2023. Roughly a year later, Defendants filed their Motion for Summary Judgment which is before the Court for consideration.

## **LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" if it would affect the case's outcome. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

---

[1]While Plaintiff argues that Defendants' Motion should fail because they did not attach the Non-Solicitation Agreement as an exhibit to their Motion, the record is replete with the relevant language as it has been submitted by both Parties. Accordingly, the Court disagrees with Plaintiff that it cannot properly address the enforceability of the agreement.

2

When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *See First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence of record, but it need only consider those materials cited by the parties. FED. R. CIV. P. 56(c)(1)–(3). And the Court need not mine the record to find evidence to support the non-movant; the burden falls on the movant to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

Defendants' summary judgment arguments can be categorized by two broad propositions: (1) the Non-Solicitation Agreement is unenforceable as a matter of law; and (2) even if the Non-Solicitation Agreement is enforceable, Defendants did not violate that agreement. *See generally* ECF No. 19.  Because the latter is wholly dependent upon the former; the Court will begin by addressing the Parties' arguments regarding the enforceability of the Non-Solicitation Agreement.

### A. The Non-Solicitation Agreement is enforceable as a matter of law.

Courts consider the enforceability of non-solicitation agreements under the two-factor test set forth in Section 15.50 of the Texas Business and Commerce Code.  *See Expo Grp., Inc. v. Castillo*, No. 3:19-CV-1356-G, 2019 WL 4671511, at *5 (N.D. Tex. Sept. 25, 2019) (Fish, J.) (internal citations omitted). A non-solicitation agreement is enforceable if: (1) "it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made;" and (2) it "contains limitations as to time, geographical area, and scope of activity . . . that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." *Id.* (citing TEX. BUS. & COM. CODE § 15.50).   Limiting the effect of the covenants as to time, geography, and scope ensures that the restrictions go no further than necessary to protect an employer's legitimate business interests. *See, e.g.*, *U.S. Risk, LLC v. Hagger*, 650 F. Supp. 3d 520, 527 (N.D. Tex. 2023) (Godbey, J.) (internal citation omitted). Here, Defendants do not contest

3

that the Non-Solicitation Agreement was ancillary to or part of an otherwise enforceable agreement. *See* ECF No. 19 at 2–5. Nor do Defendants contest the agreement's time restraint. *See id.* Defendants do, however, contest the scope of the agreement. *See id.*

Specifically, Defendants argue that the scope of the Non-Solicitation Agreement is overly broad because it would apply to customers: (1) with whom Defendants previously worked and brought to Ikon; (2) that are no longer customers of Ikon and had not worked with Ikon for years; and (3) with whom Defendants never worked. *Id.* at 3–5. In response, Ikon claims that Defendants are reading into the agreement provisions that are not present and the cases Defendants rely on are inapposite to the propositions for which they are presented. ECF No. 21 at 9–13. In their Reply, Defendants do not address Ikon's arguments. *See generally* ECF No. 23. The Court will address each argument in turn.

> 1. The Non-Solicitation Agreement does not unreasonably prevent Defendants from working with clients that they brought to Ikon.

*First*, Defendants argue that the Non-Solicitation Agreement is unreasonable because it prevents them from working with customers that they had previous relationships with and brought to Ikon. Defendants cite *Birk v. Hub Int'l Sw. Agency Ltd.*, for the proposition that a restriction on an employee soliciting customers that he brought with him to his prior employer is unreasonable. ECF No. 19 at 3–4 (citing *Birk*, 2009 WL 10701860, at *23 (W.D. Tex. Apr. 1, 2009) (Montalvo, J.)). As a preliminary matter, Defendants do not point to the language in the Non-Solicitation Agreement which they contend bars them from soliciting customers that they had previous relationships with and brought to Ikon.[2] *See* ECF 18 at 3–4. However, even assuming arguendo that they had, the facts of *Birk* and language in the *Birk* agreement are distinguishable from this case.

In *Birk*, an employee who developed clients while working for one company (Gillett) and maintained those clients when that company was

---

[2] Notably, Defendants fail to do so in their Reply despite Ikon pointing out this fact in its Response. *See* ECF No. 23.

acquired by a second company (Talbot) and then ultimately restructured into a third company (Hub). *Birk*, 2009 WL 10701860, at *1. The dispositive issue was whether it was reasonable to bar the former employee from taking any customer from his time with Gillett regardless of whether he had further cultivated the relationship or received new information about the customer while with the employer. *Id.* at *7. The court ultimately concluded that while Talbot and Hub were the same company, the employee developed his clientele from Gillett's confidential business information, to which Talbot and Hub never had access. *Id.* at *18, 25.

In this case, the agreement provides that Defendants "shall not . . . call on, service, solicit, or accept competing business from Company's clients or prospective clients with whom or which Employee, during Employee's employment with Company, (a) had any contact or communication with regarding Company's business, or (b) accessed Company's information or files about." ECF Nos. 6 at 4; 18 at 1–2; 21 at 8. This language is more akin to the language in *Expo,* which the court found to be reasonable, then it is with the language in *Birk*. *Compare Expo*, 2019 WL 4671511, at *6 (the employee may not "solicit, call on, communicate with, do business with, or attempt to do business with any person or entity which is, or was at any time in the previous 12 months, [the plaintiff's] client with which [the defendant] worked, or about which [the defendant] received confidential information from [the plaintiff]"), *with Birk*, 2009 WL 10701860, at *23 (the "Employee shall not (a) solicit, contact, interfere with, re-write or divert any customer served by [Talbot] during the period of the Employee's employment hereunder.").

The language in *Birk* prevented the defendant from soliciting any customer of the plaintiff, regardless of whether he actually worked with them or received any information about them from the plaintiff. In this case—similar to *Expo*—Defendants are prohibited from soliciting or working with customers whom they actually worked with while at Ikon or that they received information about from Ikon. While it may have been unreasonable to prevent Defendants from soliciting former customers with whom they did not work with or receive confidential information about while at Ikon, that is not the case here. Consequently,

5

just as in *Expo*, the Court finds the language at issue here to be reasonable to protect to protect Ikon's legitimate business interests.

### 2. The Non-Solicitation Agreement does not prevent Defendants from soliciting customers who are no longer customers of Ikon.

*Second*, Defendants argue that the Non-Solicitation Agreement is overly broad because it prevents Defendants from soliciting or working with "customers that are no longer customers of Plaintiff and which Plaintiff lost years ago." ECF No. 19 at 4. Defendants' argument plainly fails as the agreement does not prevent Defendants from soliciting or working with customers who have left Ikon of their own accord. Rather, the agreement prevents Defendants from soliciting Ikon's "clients or prospective client with whom" Defendants had contact with during their employment or received information about from Ikon. ECF Nos. 6 at 4; 18 at 1–2; 21 at 8. Put simply, the agreement prevents Defendants from encouraging Ikon's customers or prospective customers to leave Ikon and work with them. It does not—as Defendants contend—prevent Defendants from working with customers who chose to leave Ikon without any encouragement from Defendants. Accordingly, the Court finds that the Non-Solicitation Agreement does not "appl[y] to customers that are no longer customers of Plaintiff and which Plaintiff lost years ago" and, thus, is not unreasonable.

### 3. The Non-Solicitation Agreement's provision regarding solicitation of potential customers is reasonable.

*Third*, Defendants argue that the Non-Solicitation Agreement is unreasonable because it prevents them from soliciting or working with Ikon's potential customers with whom they did not work. ECF No. 19 at 4–5. Specifically, Defendants argue that the agreement restricts them from working with potential customers that they met at trade shows but never worked with while employed at Ikon. *Id.* In support, Defendants cite to a slew of cases for the proposition that agreements that extend to customers with whom the former employee did not work are unreasonable. *Id.* (citing *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 212 (5th Cir. 2018); *Expo*, 2019 WL 4671511 at *6; *PROS, Inc. v. Mohnke*, No. CV H-14-1961, 2016 WL 8461420 at *2 (S.D. Tex. Feb. 10, 2016) (Hughes, J.)).

6

Notably, in one of the cases cited by Defendants, the court found valid and enforceable a provision which covered customers who the employee contacted about the employer's business or accessed the employer's confidential information about. *Expo*, 2019 WL 4671511 at *6 (citing Oxford *Global Resources, Inc. v. Weekley-Cessnun*, No. 3:04-CV-0330-N, 2005 WL 350580, at *6 (N.D. Tex. Feb. 8, 2005) (Godbey, J.)). Here, the relevant portion of the Non-Solicitation Agreement states that Defendants are barred from soliciting "prospective clients with whom or which [Defendants], during [their] employment with [Ikon] (a) had any contact or communication with regarding [Ikon's] business, or (b) accessed [Ikon's] information or files about." ECF Nos. 6 at 4; 18 at 1–2; 21 at 8. The plain language of the agreement provides that Defendants are only barred from soliciting or working with customers that they actually worked with or received information about while employed at Ikon. Courts have consistently found such restrictions to be reasonable. *See, e.g., Expo*, 2019 WL 4671511 at *6; *see also Marquis Software Sols., Inc. v. Robb*, No. 3:20-CV-0372-B, 2020 WL 955901, at *8 (N.D. Tex. Feb. 27, 2020) (Boyle, J.) (finding that an agreement barring the defendant from soliciting only those customers with whom he actually had contact with or received information about to be reasonable). Therefore, the Court finds that the Non-Solicitation Agreement's provision regarding solicitation of potential customers is reasonable. Accordingly, the Court concludes that the Non-Solicitation Agreement is valid and enforceable because it does not unreasonably restrain Defendants.

### B. Material Disputes of Fact Preclude the Granting of Summary Judgment in Defendants' Favor.

Because the Non-Solicitation Agreement is enforceable as a matter of law, the Court now turns to the Parties' arguments regarding Plaintiff's specific claims. Defendants, citing to their affidavits, argue that they did not breach the agreements and, thus, are entitled to summary judgment on Plaintiff's claims. ECF No. 19 at 5–8. In its Response, Plaintiff takes issue with some of the statements made in Defendants' affidavits and, citing to its own affidavit, argues that Defendants did breach the agreements. ECF No. 21 at 14–15. In reply,

7

Defendants object to Plaintiff's affidavit and argue that it should not be considered. *See generally* ECF No. 23. The Court, having reviewed the Parties' arguments and evidence concludes that genuine issues of material fact preclude summary judgment in favor of Defendants. The Court declines to usurp the jury's role to resolve disputed factual narratives on material issues by making credibility determinations. Accordingly, Defendants' Motion for Summary Judgment is **DENIED**.

## CONCLUSION

As explained herein, the Court finds that the Non-Solicitation Agreement is enforceable as a matter of law and there are genuine issues of material fact which preclude summary judgment in favor of Defendants. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 18) is **DENIED**.

**SO ORDERED** on this **23rd day** of **August 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE