UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VBI GROUP LLC,**

   Plaintiff,

v.                          **No. 4:23-cv-00692-P**

**VINCENT MAIORINO, ET AL.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Vincent Maiorino's and Richard Smith's Motion to Exclude Damages Evidence at Trial (ECF No. 58). Having considered the Motion, briefs, and applicable legal authorities, the Court will deny Defendants' Motion.

## LEGAL STANDARD

A motion to prohibit the introduction of evidence as a discovery sanction is a motion to exclude evidence. *King v. King*, 117 F.4th 301, 306 (5th Cir. 2024). Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(iii) requires a plaintiff to disclose a "computation of each category of damages claimed by the disclosing party." Rule 26 requires Plaintiff to make a damages disclosure without being asked to do so by Defendants. It is not incumbent upon Defendants to complain about Plaintiff's failure to do so. The rules themselves impose a duty upon Plaintiff to make the disclosure and timely supplement those disclosures. *M-I LLC v. FPUSA, LLC*, No. 5:15-cv-406-DAE, 2021 WL 8946233, at *2 (W.D. Tex. Feb. 3, 2021). If a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information . . . at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## ANALYSIS

Defendants assert that the Court should exclude any damages evidence that Plaintiff wishes to offer at trial because Plaintiff has failed to provide Defendants with the amount of damages that it is seeking in violation of Rule 26. ECF No. 60. In support of their assertion, Defendants argue that Plaintiff did "not disclose the amount of its damages" until December 9, 2024. *Id.* at 2. Additionally, Defendants claim that the December 9, 2024 damages disclosure is insufficient because it gives Plaintiff's lost revenues and not an exact number resulting from a lost-profits calculation. *Id.* at 3. In response, Plaintiff argues that it met its Rule 26 obligations and that any failure to do so was harmless. ECF No. 65. Specifically, Plaintiff claims that it met its Rule 26 disclosure requirements because: (1) the Original Compliant and its original disclosures provide a range for its damages; (2) it has produced information about its profit margin and expenses for the relevant customers; (3) Defendants demonstrated their knowledge of Plaintiff's damages at the mediations when Defendants came prepared to debate the damages model; (4) it amended its disclosures to state a more definite range; and (5) it designated an expert to testify about its lost profits, who Defendants could have—but did not—depose. *Id.*

Having reviewed the briefing and applicable law, the Court finds that while Plaintiff may not have acted in a prompt matter as required by the rules, any deficiency in Plaintiff's Rule 26 disclosures is harmless and, thus, does not warrant the extreme remedy of excluding evidence at trial. *First*, excluding Plaintiff from presenting any damages evidence would essentially preclude recovery in this case. *Second*, Plaintiff has provided Defendants with a range of its damages and sufficient information on its lost profits to put Defendants on notice of the recovery it seeks. *See Viera v. Signature Contracting Serv., LLC*, No. 3:11-CV-100-BN, 2014 WL 2893208 (N.D. Tex. June 26, 2014) (Horan, J.) (finding exclusion of damages evidence improper where Plaintiff failed to supply damages totals or calculations but supplied all information necessary to make damage calculations). And *third*, Plaintiff designated an expert on lost profits and offered him to Defendants for deposition. Defendants chose not to depose him. They cannot now argue that Plaintiff is

attempting "trial by ambush" by only providing their damages after a jury has been empaneled. *Ingram v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) ("A defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense.").

## CONCLUSION

For the reasons set out above, the Court **DENIES** Defendants' Motion to Exclude Damages Evidence at Trial (ECF No. 58).

**SO ORDERED** on this **10th day of January 2025.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE